# United States Court of Appeals for the Fifth Circuit

_____

No. 22-50906
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Micaela Elizabeth Mejia-Turquiz,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-353-1

_____

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Micaela Elizabeth Mejia-Turquiz appeals her conviction and sentence under 8 U.S.C. § 1326 for illegal entry into the United States after deportation. She argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a), based on facts that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50906

are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Mejia-Turquiz has filed an unopposed motion for summary disposition acknowledging that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but she seeks to preserve it for possible Supreme Court review.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Mejia-Turquiz is correct that her argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Mejia-Turquiz's motion is GRANTED, and the district court's judgment is AFFIRMED.